AARON D. FORD
  Attorney General
LAENA ST-JULES (Bar No. 15156)
  Senior Deputy Attorney General
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
T: (775) 684-1265
E: lstjules@ag.nv.gov

*Attorneys for Defendant Secretary of State*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ANTHONY CASTRO<br><br>Plaintiff,<br><br>vs.<br><br>SECRETARY OF STATE FRANCISCO V. AGUILAR; DONALD JOHN TRUMP<br><br>Defendants. | Case No. 2:23-cv-01387-RFB-BNW<br><br>**DEFENDANT SECRETARY OF STATE'S OPPOSITION TO EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS** |

Defendant Secretary of State Francisco V. Aguilar ("Secretary of State"), by and through counsel, opposes Plaintiff John Anthony Castro's ("Castro") Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits ("Emergency Application"), ECF Nos. 9 & 11.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 5, 2023, Castro, a Republican candidate for president, filed this lawsuit for injunctive relief against the Secretary of State and Former President Donald John Trump ("Trump"), alleging that Trump, also a Republican candidate for president, is ineligible to pursue or hold any public office in the United States based on Section 3 of the 14th Amendment to the U.S. Constitution. *See generally* ECF No. 1. The Secretary of State takes no position on the underlying merits of Castro's lawsuit. The Secretary of State

expects Castro and Trump will make those arguments, and the Secretary of State will comply with any final judgment in this case.

The Secretary of State, however, files this Opposition to address certain procedural defects in Castro's Emergency Application. Castro has failed to comply with Local Rule ("LR") 7-4 for emergency relief and Fed. R. Civ. P. 65(b) for a temporary restraining order without notice and has failed to notice or serve the Secretary of State as is required for a preliminary injunction. The Court should therefore deny Castro's Emergency Application.

## II.   LEGAL STANDARDS

### A.   Emergency Relief

Pursuant to LR 7-4(a), in making his "[w]ritten request[] for judicial assistance in resolving an emergency dispute," Castro was required to submit a declaration describing, among other things, the nature of the emergency. LR 7-4(c) authorizes the Court to deny an emergency request that does not comply with the requirements of LR 7-4(a). *See, e.g.*, *Snow Covered Capital, LLC v. Fonfa*, Case No. 2:22-cv-01181-CDS-BNW, 2023 WL 3884631, at *3 (D. Nev. June 8, 2023) (denying emergency motion that did not adequately justify the emergency); *MST Mgmt., LLC v. Chicago Doughnut Franchise Co.*, Case No. 2:21-cv-00360-JAD-DJA, 2021 WL 7907621, at *2 (D. Nev. Dec. 7, 2021) (denying emergency motion because parties had not met and conferred and movant had failed to identify an emergency).

### B.   Temporary Restraining Orders and Preliminary Injunctions

A preliminary injunction may only be issued on notice to an adverse party. Fed. R. Civ. P. 65(a)(1). A temporary restraining order, however, may be issued without notice, but "specific facts in an affidavit or verified complaint [must] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

/ / /

/ / /

/ / /

## III. ARGUMENT

### A. The Emergency Application Is Deficient

Castro has not complied with LR 7-4. He has not submitted a declaration explaining why emergency relief is necessary. While Castro may cite to his Verified Complaint as support, the only concrete statement of injury alleged is that allowing Trump to appear on the ballot will result in Trump siphoning off votes. ECF No. 1, Compl. ¶ 23. But that does not establish any emergency. In Nevada, there are two potential ballots Trump might appear on as a presidential candidate of a major political party.[1] First, there is a presidential preference primary ballot. NRS 298.600-720. The presidential preference primary, however, is not binding and major political party presidential candidates are not required to participate to maintain ballot access for the general election. *See generally, id.* Castro has neither alleged nor provided evidence that the Nevada Republican Party intends to use the results of any presidential preference primary to bind delegates at a presidential nominating convention or that Trump will participate in a presidential preference primary. In fact, the Nevada Republican Party has an active lawsuit against the Secretary of State to prevent a presidential preference primary from going forward for the Nevada Republican Party, and intends to use a party-run caucus instead.[2] Moreover, Trump has indicated he will participate in the caucus, which would preclude him from participating in the presidential preference primary.[3] Castro therefore fails to explain how he would suffer any injury if Trump is not prohibited from participating in a presidential preference primary.

---

[1] There are only two qualified major political parties in Nevada: the Democratic Party and the Republican Party. *See* https://www.nvsos.gov/sos/organized-political-parties.
[2] *Nevada Republican Party v. Nevada*, Case No. 23OC000511B (1st Jud. Dist. Ct. Nev.); *Nevada Republican Party v. Nevada*, Case No. 87166 (Nev.); Tabitha Mueller, Jacob Solis, *Nevada GOP approves party-run caucus that will exclude candidates who run in primary*, Nevada Independent (Septe. 23, 2023), https://tinyurl.com/4c4tfbk5.
[3] Gabe Stein, *Donald Trump commits to Nevada caucus as state GOP approves rules rivals see as helping his campaign*, Associated Press (Sept. 23, 2023), https://tinyurl.com/dj9mc63p.

The other ballot Trump may appear on in Nevada is the general election ballot. However, the general election for President will take place on November 5, 2024, over a year from now. 2 U.S.C. § 7; NRS 293.12755. Furthermore, with only a limited exception for voters authorized to use military-overseas ballots, write-in candidates are not permitted in Nevada.[4] NRS 293.269917(2), 293.270(2), 293D.410. Under these facts, Castro has not met the requirements under LR 7-4 for emergency relief.

### B. Castro Does Not Establish Entitlement to a Temporary Restraining Order Without Notice

Castro claims contradictorily that he is moving for a temporary restraining order on no notice but also that he has provided notice. ECF Nos. 9 & 11, Emergency Application at 2, 9. He asserts that the Secretary of State was on notice of the Emergency Application because he emailed a Secretary of State email address used to assist the general public in connection with all Secretary of State business,[5] and an incorrect email address for Attorney General Aaron Ford,[6] informing of his intent to pursue a temporary restraining order. *Id.* at 9. Castro does not attach the email. Should there be any doubt as to whether the Emergency Application was made on notice, it was not.

First, coupled with Castro's failure to properly serve the Secretary of State (as discussed below), Castro fails to show that his email was received by the Secretary of State or his counsel. *See Kishore v. Newsom*, CV 20-5859-DMG (Ex), 2020 WL 6559157, at *1 (C.D. Cal. June 30, 2020) (email to California Secretary of State employee informing of temporary restraining order application did not constitute notice to California Secretary of State); *cf. Penson & Co. v. Cloudstyle Store*, 2020 WL 11885744, at *3 (N.D. Cal. Aug. 27, 2020) (service by email not permitted when plaintiff has not established an email account is an effective means of communicating with the defendant, such that it would serve the

---

[4] For the 2020 general election, only 221 votes were counted for Nevada voters using a federal write-in absentee ballot, the only ballot in Nevada where write-ins are allowed. U.S. Election Assistance Commission to the 117th Congress, Election Administration and Voting Survey 2020 Comprehensive Report 201 (2021), https://tinyurl.com/y95rcm95.
[5] Ex. 1, Declaration of Mark Wlaschin at 1 ¶ 2.
[6] Ex. 2, Declaration of Laena St-Jules, Esq. at 1 ¶ 2.

purpose of ensuring a defendant receives adequate notice and an opportunity to be heard). Moreover, Castro fails to establish notice because he does not attach the email and does not claim that he explained when he would seek the injunction. *See Daubert v. City of Lindsay*, No. 1:09-CV-1270 AWI GSA, 2009 WL 2959289, at *2 (E.D. Cal. Sept. 15, 2009).

Because Castro has moved for a temporary restraining order without notice, he was required to show clearly in an affidavit or verified complaint "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1). As discussed above, Castro's Verified Complaint does not show any immediate and irreparable injury, loss, or damage that will result, and he is therefore not entitled to a temporary restraining order without notice.

### C. No Preliminary Injunction Should Issue Because the Secretary of State Has not Been Provided Notice or Served

A preliminary injunction may only be issued on notice to an adverse party. Fed. R. Civ. P. 65(a)(1). As discussed above, Castro has failed to provide notice, and his request for a preliminary injunction should be denied. It should also be denied because Castro has not served the Secretary of State.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Accordingly, dismissal is warranted when service is insufficient. Fed. R. Civ. P. 4(m), 12(b)(5). To serve the Secretary of State, Castro was required to (1) "deliver[] a copy of the summons and of the complaint to the [Secretary of State] personally," (2) "leav[e] a copy of each at the [Secretary of State's] dwelling or usual place of abode with someone of suitable age and discretion who resides there," (3) "deliver[] a copy of each to an agent authorized by appointment or by law to receive service of process," or (4) "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Under Nevada law, to serve a state officer, sued in his official capacity as the Secretary of State is here, ECF. No. 1, Compl. ¶ 3, for an act or omission

relating to his public duties or employment, Castro was required to deliver a copy of the summons and complaint to the Attorney General or his designee and to the Secretary of State or his designee, NRCP 4.2(d)(2).

Castro has only mailed a copy of the summons and complaint to the Secretary of State by certified mail. ECF No. 6, Proof of Service. Where, as here, service must be made by delivering or leaving a copy of the summons and complaint, service by certified mail is insufficient under both federal and Nevada law. *See Brooks v. Wanker*, Case No. 2:19-cv-00973-APG-CWH, 2019 WL 4261855, at *1 (D. Nev. Sept. 9, 2019). Castro therefore has not served the Secretary of State, and the Secretary of State intends to move to dismiss on this basis once the 90-day period for service has expired. *See* Fed. R. Civ. P. 4(m).

Castro's request for a preliminary injunction should therefore be denied as the Secretary of State has not been served. *Olausen v. Second Judicial Dist. Court*, Case No. 3:20-cv-00402-MMD-WGC, 2020 WL 7777623, at *3 (D. Nev. Dec. 30, 2020) (stating that because defendants had not yet been served, "issuing an injunction at this time would be premature"); *Johnson v. United States*, No. 2:22-cv-0727-TLN-CKD PS, 2022 WL 1608611, at *3 (E.D. Cal. May 20, 2022) ("The court cannot consider a request for preliminary injunction unless and until the subject defendant has been served with the complaint and notified of the motion.").

## IV.  CONCLUSION

For the foregoing reasons, the Court should deny Castro's Emergency Application.

DATED this 2nd day of October 2023.

        AARON D. FORD
        Attorney General

By: */s/ Laena St-Jules*
    LAENA ST-JULES (Bar No. 15156)
     Senior Deputy Attorney General
    Office of the Attorney General
    100 North Carson Street
    Carson City, Nevada 89701-4717
    T: (775) 684-1265
    E: lstjules@ag.nv.gov

*Attorneys for Defendant Secretary of State*

**INDEX OF EXHIBITS**

| Exhibit No. | Exhibit Description | Number of Pages |
|---|---|---|
| 1. | Declaration of Mark Wlaschin | 1 |
| 2. | Declaration of Laena St-Jules, Esq. | 1 |