## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| SECRETARY OF STATE FRANCISCO V. AGUILAR | ) | |
| 101 N Carson Street, Suite 3, Carson City, NV 89701 | ) | Case No. 2:23-cv-01387-RFB-BNW |
| | ) | |
| NEVADA REPUBLICAN PARTY | ) | |
| 840 South Rancho, Suite 4-800, Las Vegas, NV  89106 | ) | |
| | ) | |
| DONALD JOHN TRUMP | ) | |
| 1100 S. Ocean Blvd, Palm Beach, FL 33480 | ) | |
| | ) | |
|     Defendants. | ) | |

## VERIFIED MOTION FOR RECONSIDERATION SOLELY ON ORDER TO QUASH SERVICE AS TO DEFENDANT SECRETARY OF STATE

On September 20, 2023, Plaintiff John Anthony Castro completed service of process upon both Defendant Donald John Trump and Defendant Secretary of State.  *See* Exhibit A, Proof of Service on Agent for Defendant Secretary of State.  Plaintiff electronically filed Proof of Service. *See* ECFs 6 and 7.  In accordance with Fed. R. Civ. P. 12(a)(1)(A)(i), Defendant Secretary of State had "21 days after being served" to file a motion to dismiss or answer.  Pursuant to Fed. R. Civ. P. 6(a)(1)(A), in calculating the due date, you must "exclude the day of the event that triggers the period."  As such, Defendant Secretary of State had 21 days from September 21, 2023, to file a motion to dismiss or answer, which was Thursday, October 12, 2023.

1

On October 5, 2023, Defendant Donald John Trump timely filed a motion to dismiss for insufficient service of process thereby preserving his challenge to sufficiency of service of process. Defendant Secretary of State never filed a motion to dismiss and, by operation of Fed. R. Civ. P. 12(h)(1)(B)(i), waived its ability to challenge sufficiency of service of process as of Friday, October 13, 2023.

At the November 13, 2023, hearing, this Honorable Court heard Plaintiff's legal argument that Fed. R. Civ. P. 4(e)(2)(C) permits service of process upon an agent of Defendant Donald John Trump. Although the Court ultimately disagreed with Plaintiff despite an on-point U.S. Supreme Court case establishing the validity of this kind of service of process upon an agent, for which Plaintiff respectfully objects herein to preserve for possible appellate review, and quashed service of process with regard to Defendant Donald John Trump, Defendant Secretary of State made no such objection to service of process. In fact, even if Defendant Secretary of State had verbally objected to service of process at the hearing and made substantive legal arguments, Plaintiff would have argued waiver under Fed. R. Civ. P. 12(h)(1)(B)(i).

<u>SERVICE OF PROCESS ON DEFENDANT SECRETARY OF STATE WAS VALID</u>

Despite the fact that Defendant Secretary of State did not move to dismiss for insufficient service of process and expressed no objection at the November 13 hearing, to alleviate any of the Court's concerns, Plaintiff asserts that service of process was properly effectuated on Defendant Secretary of State. Fed. R. Civ. P. "4(j)(2)(A) permits service to be made by delivering a copy of the summons and the complaint to the 'chief executive officer' of [a] governmental unit."[1] The Secretary of State is the Chief Executive Officer of their governmental unit.

---

[1] *See* Service on States, Municipal Corporations, and Other Governmental Organizations, 4B Fed. Prac. & Proc. Civ. § 1109 (4th ed.).

Courts have approved indirect service made on an agent or subordinate of the chief executive officer who then completes the final step of passing the summons and complaint along to the chief executive officer on both pragmatic grounds and the textual omission of "personally" from Fed. R. Civ. P. 4(j)(2)(A).[2]

In *Nat'l Equip. Rental, Ltd. v. Szukhent*, the U.S. Supreme Court held that a purported agent's prompt acceptance and transmittal to defendants of a summons and a complaint pursuant to authorization was sufficient to validate the agency.[3] "Under well-settled general principles of the law of agency, [an individual]'s prompt acceptance and transmittal to the respondents of the summons and complaint pursuant to the authorization was itself sufficient to validate the agency." *Id*. at 316. In other words, the conduct of the person was sufficient to imply agency.

In this case, the return receipt indicates the certified mailing was delivered to an Agent for the Secretary of State's office, which also satisfies Fed. R. Civ. P. 4(e)(2)(C), and stamped by the Secretary of State's office perfecting service under Fed. R. Civ. P. 4(j)(2)(A).

As one Court explained, "it makes little sense" to construe the rule so "technically when actual notice has been received; to do so would be inconsistent with the spirit of the federal rules."[4]

<u>DEFENDANT SECRETARY OF STATE WAIVED CHALLENGE TO SUFFICIENCY OF SERVICE</u>

Pursuant to Fed. R. Civ. P. 12(h)(1)(B)(i), a "party waives any defense listed in Rule 12(2)-(5) by… failing to… make it by motion under this rule" within 21 days.[5] As explained above, Defendant Donald Johnm Trump preserved this issue by filing a motion to dismiss on that basis,

---

[2] *See Nashville Community Bail Fund v. Gentry*, 446 F. Supp. 3d 282, 299 (M.D. Tenn. 2020); *Neil v. Randolph*, 2010 WL 1727809, *3 (E.D. La. 2010), report and recommendation adopted, 2010 WL 1727806 (E.D. La. 2010); *S.J., ex rel. S.H.J. v. Issaquah School Dist*., 2007 WL 764916, *1 (W.D. Wash. 2007).

[3] 375 U.S. 311 (1964).

[4] *Santiago v. New York State Dep't of Corr. Servs*., 725 F. Supp. 780, 783 (S.D.N.Y. 1989), *rev'd on other grounds*, 945 F.2d 25 (2d Cir. 1991).

[5] On October 2, 2023, Defendant Secretary of State filed a response to Plaintiff's Motion for Injunctive Relief. Even if the Court presumes notice beginning on that date, a motion to dismiss for insufficiency of service of process was not done.

but Defendant Secretary of State did not, and the Court is without authority to *sua sponte* quash service of process for which the timeframe to challenge has expired and rests on a valid legal interpretation and theory that Defendant Secretary of State had the opportunity to challenge but did not do so.

### REQUESTED RELIEF

Plaintiff John Anthony Castro respectfully requests this Honorable Court to reconsider its unprecedented decision to quash service of process on Defendant Secretary of State when that issue was neither raised by Defendant Secretary of State nor preserved with the filing of a motion to dismiss on that basis.

Furthermore, if the Court disagrees, Plaintiff requests the Court to dismiss the case solely with regard Defendant Secretary of State to permit an interlocutory appeal on this issue of service.

Dated: November 16, 2023.

Respectfully submitted,

By: */s/ John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

### <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on November 16, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on November 16, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

/s/ John Anthony Castro
John Anthony Castro
