# Exhibit 1

## BRIEF OF AMICI CURIAE

# Exhibit 1

BRADLEY S. SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
BRAVO SCHRAGER LLP
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Tele.: (702) 996-1724
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

*Attorneys for Amici Curiae*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>        Plaintiff,<br><br>    vs.<br><br>SECRETARY OF STATE FRANCISCO V. AGUILAR, DONALD JOHN TRUMP,<br><br>        Defendants. | Case No. 2:23-cv-01387-RFB-BNW<br><br>**BRIEF OF *AMICI CURIAE* CHRISTINA GIUNCHIGLIANI, STEVEN BACUS, & MARCI PEZNOWSKI** |

## CORPORATE DISCLOSURE STATEMENT

*Amici* certify that none has a parent corporation or issues stock, and therefore that no publicly held company owns 10% or more of any of their stock.

## INTEREST OF *AMICI CURIAE*

Christina Giunchigliani is a Nevada resident and voter who has spent much of her career in public service. Giunchigliani served in the Nevada Assembly for 16 years (1990-2006), and 12 years (2006-2019) as a Clark County Commissioner where she termed out of office. In these roles, Giunchigliani, on multiple occasions, took an oath to support the United States Constitution. She also ran for the Democratic nomination for governor of Nevada in 2019.  Giunchigliani was president of her local and state Teachers union in Nevada and also served for 3 years as a Court appointed special advocate for youth in foster care. Since retiring Chris stays involved by

serving on the NV Indigent Board and the boards of Dream Big NV, Great Basin Water Network, CC Social Justice coalition, the Coalition to End the Death Penalty, So. NV Immigration Coalition, NAACP-WIN, Women of Diversity, Poetry Promise, and several other non-profits. She also became a certified mediator through UNLV Continuing education and took woodworking classes. Giunchigliani received her BA in special education, and later earned a Master's in special education at UNLV, becoming a teacher in the Clark County public schools.

Steven Bacus is a Nevada resident and a registered Republican voter. He is deeply invested in Nevada's election administration and has served as a plaintiff in a case challenging an unlawful hand-counting process in Nye County.

Marcia Peznowski is a Nevada resident and a registered Republican voter who has supported election administration by assisting with hand counting voter ballots in Nye County, NV. She is currently a *guardian ad litem* advocate for Children of Rural Nevada. She has also served as an ESL and GED Tutor, and been a fierce advocate for domestic violence survivors in her community. She earned a Bachelor of Science degree in Legal Studies from Kaplan University.

## ARGUMENT

Whether former President Trump is disqualified from public office under Section 3 of the Fourteenth Amendment is "one of the most fundamental constitutional questions ever presented … in the two hundred and fifty years since the founding of the nation," according to former U.S. Court of Appeals Judge J. Michael Luttig.[1] The *pro se* Plaintiff in this suit has embarked on a sweeping personal campaign to litigate that question in federal courts across the country. Courts have uniformly dismissed his suits, calling his arguments "wholly underdeveloped and

---

[1] Issac Chotiner, *The Constitutional Case for Barring Trump from the Presidency*, The New Yorker, Aug. 23, 2023, https://www.newyorker.com/news/q-and-a/the-constitutional-case-for-barring-trump-from-the-presidency.

1  unsubstantiated." *Castro v. Scanlan*, __ F.4th __, __, 2023 WL 8078010, at *4 (1st Cir.
2  Nov. 21, 2023).

3      This is no way to decide highly consequential constitutional questions. To
4  ensure the issues can be fully and fairly adjudicated through the adversarial process,
5  Amici respectfully urge this Court to dismiss Plaintiff's complaint for lack of Article
6  III standing—as numerous others courts have—or insufficient service of process, and
7  decline to reach any other asserted ground for dismissal, including the political
8  question doctrine.

9      ***The Court Should Dismiss the Complaint For Lack of Article III***
10 ***Standing.*** The clearest ground to dismiss Plaintiff's complaint is lack of Article III
11 standing under Federal Rule of Civil Procedure 12(b)(1). Numerous federal courts
12 have already done so in Plaintiff's cases. *See, e.g., Castro v. Scanlan*, 2023 WL
13 8078010, at *5–*11; Castro v. Fontes, 2023 WL 8436435, at *1 (D. Ariz. Dec. 5, 2023)
14 (citing cases); *Castro v. Trump*, 2023 WL 7093129, at *1 (S.D. Fla. June 26, 2023);
15 Castro v. Amore, 2023 WL 8191835 (D.R.I. Nov. 27, 2023). While Amici do not endorse
16 Trump's characterizations of the competitor standing doctrine, Plaintiff has failed to
17 carry his burden even under the most charitable reading of that doctrine. His
18 complaint should therefore be dismissed on that ground alone.

19     ***The Court May Also Dismiss the Complaint For Insufficient Service of***
20 ***Process.*** According to Trump, Plaintiff's service was improper because it did not
21 comply with federal law or state law. Trump's Mot. to Dismiss at 3–4, *Castro v.*
22 *Aguilar et al.*, 23-cv-01387 (D. Nev. Oct. 5, 2023). If that is accurate, the Court may
23 also dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5).

24     ***The Court Should Not Reach the Political Question Doctrine.*** In *Castro*
25 *v. Scanlan*, as in this case, Trump moved to dismiss Castro's complaint on both
26 standing and political question grounds. 2023 WL 8078010, at *1. While the district
27 court reached both questions, the First Circuit "confine[d its] analysis to the issue of
28

standing … both because Castro has clearly failed to meet [his] burden" to demonstrate standing "and because of the limited nature of the arguments that he makes about the more generally consequential political question issue." *Id.* at *5; *see also Doe v. Bush*, 323 F.3d 133, 139–40 (1st Cir. 2003) (affirming dismissal "based on ripeness rather than the political question doctrine" because the Supreme Court and First Circuit "ha[ve] been … sparing in [their] reliance on the political question doctrine").

This Court should follow the First Circuit's lead. Plaintiff has failed to adequately brief whether the political question doctrine applies in this case, and thus the issues are not sufficiently presented for this Court to render an informed judgment on this significant legal question. Meanwhile, the question is actively being litigated in other courts—most notably by represented parties in Colorado and Michigan.[2] Because there is no need to address the political question doctrine, it has not been adequately briefed, and the issue is "generally more consequential" than the standing question, the Court should not reach it.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] *Tracking Section 3 Trump Disqualification Challenges*, Lawfare, https://www.lawfaremedia.org/current-projects/the-trump-trials/section-3-litigation-tracker.

## CONCLUSION

The Court should dismiss the complaint for lack of Article III standing or insufficient service of process, without reaching any other asserted ground for dismissal.

DATED this 11th day of December, 2023.

        **BRAVO SCHRAGER LLP**

      By: */s/ Bradley S. Schrager*
        BRADLEY S. SCHRAGER, ESQ. (SBN 10217)
        DANIEL BRAVO, ESQ. (SBN 13078)
        6675 South Tenaya Way, Suite 200
        Las Vegas, Nevada 89113

      *Attorneys for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of December, 2023, a true and correct copy of the **BRIEF OF *AMICI CURIAE* CHRISTINA GIUNCHIGLIANI, STEVEN BACUS, & MARCI PEZNOWSKI** was served by electronically via the United States District Court CM/ECF system on all parties or persons requiring notice.

By:    */s/ Dannielle Fresquez*
        Dannielle Fresquez, an Employee of
        BRAVO SCHRAGER LLP