## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | |
| | ) | |
| SECRETARY OF STATE FRANCISCO V. AGUILAR | ) | |
| 101 N Carson Street, Suite 3, Carson City, NV 89701 | ) | Case No. 2:23-cv-01387-RFB-BNW |
| | ) | |
| NEVADA REPUBLICAN PARTY | ) | |
| 840 South Rancho, Suite 4-800, Las Vegas, NV  89106 | ) | |
| | ) | |
| DONALD JOHN TRUMP | ) | |
| 1100 S. Ocean Blvd, Palm Beach, FL 33480 | ) | |
| | ) | |
| Defendants. | ) | |

## OBJECTION TO MOTION FOR LEAVE TO FILE AMICI CURIAE AND
## MOTION TO STRIKE FROM THE DOCKET

Several voters have filed a motion for leave to file an *Amici Curiae* Brief.  Plaintiff is opposed to and objects to this motion.

The U.S. Supreme Court has held that applicants motioning for leave to file an amicus brief must show they are "interested in [some] other case which will be affected by the decision of this case."[1]  In that case, the U.S. Supreme Court said denial of the motion for leave to file the amicus was warranted since "the parties [were] represented by competent counsel, the need of assistance cannot be assumed and consent has not been given."[2]

---

[1] *N. Sec. Co. v. U.S.*, 191 U.S. 555, 556 (1903)
[2] *Id.*

Although not binding upon this Court, the U.S. Court of Appeals for the 10th Circuit has held that an "amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."[3] Therefore, there are only three grounds: [1] parties are not adequately represented, [2] a intervenor-like legal interest in the case, and/or [3] helpful information or perspective.

The purported *Amici Curiae* do not argue that any party is not competently represented. The purported *Amici Curiae* have not cited an interest in any other case that a decision in this case would impact. The purported *Amici Curiae*'s proposed brief offers no unique information or perspective. And to top it off, Plaintiff does not consent to it.

The proposed Amicus Brief contains absolutely no legal arguments let alone valid and reliable citations. It is simply laden with *ad hominem* attacks on Plaintiff and personal opinions unsupported by any case law citations. As such, it does not offer unique information or a perspective that can help the court. In fact, it does the exact opposition and provides, for example, a false assertion that the case could be dismissed for insufficient service of process even though Defendant Donald John Trump has been properly served. This alone establishes the utter and complete lack of useful information or perspective.

---

[3] *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). *See also Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 466, n.3 (E.D.N.Y. 2019) ("An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case ... or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an amicus brief should be denied.").

Moreover, this brief is being supplied to the Court under false pretenses. Nearly identical amicus briefs have been proposed and not accepted before other courts because they provide nothing useful and simply exhibit gross intellectual deficiency by an unknown coordinator attempting to malign Plaintiff.

For example, this identical amicus brief was proposed before the U.S. District Court for the District of New Mexico and claimed the case could be dismissed for lack of standing even though the 10th Circuit and U.S. Supreme Court have already ruled that all material allegations must be accepted as true for purposes of a motion to dismiss for lack of standing, which Plaintiff John Anthony Castro and Defendant Donald John Trump already fully briefed.

Applicants obviously seem concerned that the Court could dismiss based on the Political Question Doctrine and want to prevent that. Plaintiff already addressed that in ECF 34 and the attached First Circuit Brief that explained the Political Question Doctrine is an affirmative defense that Defendant Donald John Trump bears the burden of proving. Defendant Donald John Trump has failed to show a "textually demonstrable constitutional commitment of the issue to" Congress. If and when Defendant Donald John Trump files another motion to dismiss now that service has been perfected, the issue will be directly briefed in a response.

*Amici Curiae* have absolutely no recognizable interest in this case as it does not affect any other case to which they are a party, counsel, intervenors, or anything for that matter. They offer no unique information or perspective. All parties are adequately represented. Plaintiff does not consent to their involvement. In fact, Plaintiff motions this Court to strike their Motion for Leave from the docket.

Even if the Court permitted it, Plaintiff would brief it on appeal to ensure it is stricken from the historical record. Applicants are advised to seek publicity elsewhere.

**RELIEF REQUESTED**

Plaintiff objects to the motion as failing the U.S. Supreme Court and various circuits' standards for an amicus brief.

Moreover, Plaintiff motions the court to strike ECF 49 from the docket.

Dated: December 11, 2023.                    Respectfully submitted,

                                             By: /s/ *John Anthony Castro*
                                             John Anthony Castro
                                             12 Park Place
                                             Mansfield, TX  76063
                                             (202) 594 – 4344
                                             J.Castro@JohnCastro.com
                                             **Plaintiff *Pro Se***

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on December 11, 2023.

                                             /s/ John Anthony Castro
                                             John Anthony Castro

**CERTIFICATE OF SERVICE**

On December 11, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties are registered CM/ECF users and will be served via that system.

                                             /s/ *John Anthony Castro*
                                             John Anthony Castro