**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA
LAS VEGAS DIVISION**

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>*v*.<br><br>SECRETARY OF STATE FRANCISCO V. AGUILAR<br>101 N Carson Street, Suite 3, Carson City, NV 89701<br><br>NEVADA REPUBLICAN PARTY<br>840 South Rancho, Suite 4-800, Las Vegas, NV 89106<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | Case No. 2:23-cv-01387-RFB-BNW |

**EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS**

BACKGROUND

The resolution of the question presented herein is foundationally critical to Plaintiff's assertion of direct competition with Defendant Donald John Trump.

The Nevada Republican Party entered into a contractual commitment with the State of Nevada for the state to administer its "Presidential Preference Primary." By virtue of this contractual commitment, the Nevada Republican Party became a quasi-state actor.

As part of the contractual agreement for the state to administer the primary election at the expense of Nevada taxpayers, Nevada Republican Party and the state of Nevada agreed that the

1

results of the state-administered Republican Presidential Preference Primary would determine the manner by which delegates are awarded for the purpose of selecting a nominee at the Republican National Convention. The Nevada Republican Presidential Preference Primary is scheduled to take place on Tuesday, February 6, 2024.

In an 18 U.S.C. § 241 conspiratorial effort to deprive Nevada Republicans of the ability to vote in a primary, Defendant Nevada Republican Party publicly announced that it would hold a competing "caucus" to circumvent the will of Nevada Republican voters. The caucus is scheduled to take place on Thursday, February 8, 2024.

In an 18 U.S.C. § 241 conspiratorial effort to deprive Plaintiff of the ability to compete for delegates, Defendant Nevada Republican Party declared that any presidential candidate who registered for the Nevada Republican Presidential Preference Primary would be banned from participating in the caucus and ineligible to receive any delegates.

To make matters worse, Defendant Nevada Republican Party, in its capacity as a quasi-state actor, then set the caucus "filing fee" at $55,000, which was unconstitutionally burdensome.

On Monday, October 2, 2023, Plaintiff registered for the Nevada Republican Presidential Preference Primary and shortly thereafter amended the complaint in this civil action to add Nevada Republican Party as a defendant as well as 42 U.S.C. § 1983 as a cause of action.

**BASED ON THE FOREGOING**, Plaintiff John Anthony Castro, pursuant to Fed. R. Civ. P. 65(b), moves this Honorable Court for the entry of a Temporary Restraining Order ("TRO") enjoining Defendant Nevada Republican Party from conducting its caucus scheduled for Thursday, February 8, 2024.

In addition, pursuant to Fed. R. Civ. P. 65(b)(3), Plaintiff requests an Expedited Preliminary Injunction Hearing to take place on or before Friday, January 12, 2024.

Furthermore, pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiff requests the Expedited Preliminary Injunction Hearing to be consolidated with a trial on the merits. As such, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."

Please note that the only procedural method by which to achieve an Expedite Preliminary Injunction Hearing is with the granting of a Temporary Restraining Order without notice: "If the [temporary restraining] order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." Fed. R. Civ. P. 65(b)(3).

## STANDARD OF REVIEW &
## SCARCELY KNOWN RULE 65 PRELIMINARY BENCH TRIAL ON THE MERITS

"To prevail in an application for a stay or an injunction, an applicant must carry the burden of making a strong showing that it is 'likely to succeed on the merits,' that it will be 'irreparably injured absent [relief],' that the balance of the equities favors it, and that [relief] is consistent with the public interest." *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).

Fed. R. Civ. P 65(b)(1)(A)-(B) permits the Court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant… certifies in writing any efforts made to give notice and the reasons why it should not be required." In this case, Plaintiff has satisfied this. The Verified Complaint, incorporated herein by reference, shows the immediacy of irreparable harm that will result before the adverse parties can be heard and even goes further by showing the substantial likelihood of success on the merits.

Fed. R. Civ. P 65(b)(2) states that every "temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." In this case, the proposed order attached hereto complies.

Fed. R. Civ. P 65(b)(3) states that "[i]f the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order." In this case, that is precisely why Plaintiff is requesting an Expedite Preliminary Injunction Hearing on or before Friday, September 29, 2023, which would be before the 14-day expiration deadline of the Temporary Restraining Order.

Fed. R. Civ. P 65(a)(2) states that "[b]efore… the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing… But the court must preserve any party's right to a jury trial." In other words, this rule permits for an *emergency preliminary bench trial* but still mandates the preservation of a jury trial for all defendants.

The U.S. Supreme Court has explained that injunctions can be utilized even without a showing of past wrongs as long as there is a real and imminent threatened harm. *See U.S. v. W. T. Grant Co.*, 345 U.S. 629 (1953).

In this case, there is a real and threatened harm. Defendant Nevada Republican Party, in its capacity as a quasi-state actor, has scheduled a competing process with an unconstitutionally burdensome fee. Although the Nevada State Supreme Court has seemingly intervened, the briefing schedule makes it clear the Nevada State Supreme Court will not intervene in time. Plaintiff asserts that the Nevada State Supreme Court is intentionally delaying ruling in bad faith in order to moot the matter. As such, this Honorable Court need not and must not wait for the Nevada State Supreme Court to rule. In fact, by this Honorable Court taking decisive action under 42 U.S.C. § 1983, it would force the Nevada State Supreme Court to expedite the matter.

### LIKELIHOOD OF SUCCESS ON THE MERITS

The facts regarding this matter are self-evident. Defendant Nevada Republican Party entered into a contractual arrangement with the State of Nevada whereby taxpayer dollars would be used to administer the Republican Presidential Preference Primary in exchange for those results being binding upon the Nevada Republican Party.

Defendant Nevada Republican Party had an opportunity to avoid this if and only if multiple candidates did not register to the taxpayer-funded Nevada Republican Presidential Preference Primary. When that did not go as planned, they decided to flout the law and move forward with the unlawful caucus process.

Plaintiff's only remedy is a Temporary Restraining Order in order to obtain an Expedited Preliminary Injunction Hearing Consolidated with a Trial on the Merits on or before Friday, January 12, 2024.

### IMMEDIACY OF IRREPARABLE HARM

The immediacy of the harm to both Plaintiff and all Nevada Republicans is self-evident. The voter confusion being criminally engineered by Defendant Nevada Republican Party should be investigated by a federal grant jury and enjoined by this Honorable Court.

As it stands, hundreds of thousands of Nevada Republicans are unsure where to vote, how to participate, and what to do to ensure their actions matter.  Primary-registered candidates like Plaintiff are unsure whether to invest in substantive in-state campaign activities.  This is having a tremendous chilling effect for everyone involved; all because Defendant Nevada Republican Party wants to criminally deprive voters and candidates like Plaintiff from having their votes counted and voices heard.

### BALANCE OF EQUITIES FAVORS INJUNCTIVE RELIEF

The interests of all Nevada taxpayers and voters outweigh the harm an injunction would cause Defendant Donald John Trump.  This harm could be alleviated with an order that Defendant Secretary of State include Donald John Trump, Vivek Ramaswamy, Ron DeSantis, Chris Christie, and Ryan Binkley on the Nevada Republican Presidential Preference Primary ballot.

### PUBLIC INTEREST DEMANDS JUDICIAL DETERMINATION

The public interest is greatly served by preventing a violation of the United States Constitution.  *See Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 883-884 (3d. Cir. 1997) (stating that in "the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights.").

The public interest in upholding and enforcing the U.S. Constitution always outweighs the interest of a single individual.

### REQUESTED RELIEF

Plaintiff requests that this Honorable Court clarify this matter by (1) granting a Temporary Restraining Order not to initially exceed 14 days unless extended before the expiration by the Court for good cause and (2) holding an emergency hearing within said 14 days to make a determination with regard to granting a preliminary injunction.

Plaintiff further requests a waiver of security under Fed. R. Civ. P. 65(c) since a Temporary Restraining Order will not result in any costs or damages.

Dated: December 26, 2023.  Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed with the Court on December 26, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

*/s/ John Anthony Castro*
John Anthony Castro

## CERTIFICATE OF NOTICE AND CONFERENCE

Per Fed. R. Civ. P. 65(b)(1)(B), I hereby certify that I contacted Defendants and their legal counsel about my intent to file this motion.

In said email, Plaintiff specifically informed them of his intent to pursue a Temporary Restraining Order and requested their response as to whether they object to said relief. Neither Defendants nor their counsel responded. All parties have notice.

## **VERIFICATION**

I, John Anthony Castro, declare as follows:

1. Pursuant to Fed. R. Civ. P. 65(b)(1)(A), the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

2. With a Verified Complaint, it is appropriate to consider factual statements therein as the legal equivalent of an affidavit for purposes of summary judgment. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262–1263 (1st Cir.1991).

3. As such, the Federal Rules of Civil Procedure contemplate all facts in a Verified Complaint to be incorporated by reference in a Motion for a Temporary Restraining Order. An affidavit restating all of the facts is not required.

4. Plaintiff has personal knowledge of each and every fact in the Verified Complaint and hereby incorporates by reference all facts in the Verified Complaint.

5. Pursuant to 28 U.S.C. § 1746, I verify that, under criminal penalty of perjury, the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on December 26, 2023.

/s/ John Anthony Castro
John Anthony Castro

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**
**LAS VEGAS DIVISION**

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>*v.*<br><br>SECRETARY OF STATE FRANCISCO V. AGUILAR<br>101 N Carson Street, Suite 3, Carson City, NV 89701<br><br>NEVADA REPUBLICAN PARTY<br>840 South Rancho, Suite 4-800, Las Vegas, NV 89106<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:23-cv-01387-RFB-BNW |

**ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING DATE AND TIME FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS**

Pending before the Court is Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* filed on December 26, 2023, in the above-captioned case. After carefully considering the liberally construed *pro se* motion and incorporated brief therein along with any exhibits, applicable case law, *Verified Complaint*, and all other information properly before the Court, the Court finds that Plaintiff has clearly showed that immediate and irreparable injury, loss, or damage will result if Defendant's acts are not immediately restrained.

10

Further, the Court finds that Plaintiff has made a proper showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the TRO with an expedited Preliminary Injunction Hearing will result in irreparable injury; (3) the threatened injury outweighs any damages the injunction may cause Defendants; and (4) the injunction is in the public interest. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).  The Court finds Plaintiffs have made a clear showing of irreparable harm in multiple ways.

First and foremost, Nevada Republican Party has a contractual agreement with the State of Nevada to defer to the results of the Nevada taxpayer-funded and state-administered Presidential Preference Primary.

Second, without a Temporary Restraining Order, this Court would be unable to conduct an expedited preliminary injunction hearing thereby guaranteeing that the issue will be mooted.

Third, Plaintiff has shown that there is not merely a threat of immediate irreparable harm but a present, ongoing, and continuing harm to Plaintiff who is banned from competing for delegates.

Accordingly, to avoid irreparable harm and maintain the status quo, Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* is hereby **GRANTED** and Defendants are ENJOINED from the following:

### SPECIFIC RESTRAINTS

Defendant Nevada Republican Party is ENJOINED from relying on the results of its caucus to award delegates.

Defendant Nevada Republican Party is ENJOINED from enforcing the $55,000 participation fee for its caucus.

Defendant Secretary of State is ENJOINED from enforcing the filing deadline to permit the caucus-registered candidates to file for the Nevada Republican Presidential Preference Primary.

This Order is issued without notice due to the immediacy of harm that has and will be further suffered by Plaintiff that is being caused by Defendant Nevada Republican Party.

Plaintiffs' need to give security is **WAIVED**. Fed. R. Civ. P. 65(c).

Unless modified by a subsequent order from this Court, this Order expires fourteen (14) days after its entry.

It is **SO ORDERED**.

SIGNED this _____, 20\_\_\_\_\_ at \_\_\_\_\_:\_\_\_\_\_ AM / PM and expires precisely 14 days (336 hours), to the minute, thereafter.

_____

**UNITED STATES DISTRICT COURT JUDGE**