**Marquis Aurbach**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Harry L. Arnold, Esq.
Nevada Bar No. 15866
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
harnold@maclaw.com
  Attorneys for Defendant Nevada Republican Party

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br><br>                    Plaintiff,<br><br>    vs.<br><br>SECRETARY OF STATE FRANCISCO V. AGUILAR; NEVADA REPUBLICAN PARTY, DONALD JOHN TRUMP.<br><br>                    Defendants. | Case Number:<br>2:23-cv-01387-RFB-BNW<br><br><br>**MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AND FOR LIMITED JOINDER TO DEFENDANT DONALD JOHN TRUMP'S RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

        Defendant Nevada Republican Party ("NV GOP"), by and through the law firm of

Marquis Aurbach, hereby submits its Motion to Dismiss Pursuant to Fed R. Civ. P.

("FRCP") 12(b)(6) and its Limited Joinder to Defendant Donald John Trump's ("President

Trump") Renewed Motion to Dismiss First Amended Complaint (the "Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION & SUMMARY**

        The NV GOP seeks to dismiss the First Amended Complaint (the "Complaint" or

ECF No. 21) for failure to state a claim under FRCP 12(b)(6). There is a grand total of two

conclusory paragraphs in the Complaint directed to the NV GOP. *See* ECF No. 21 at pg. 11.

Even giving Plaintiff John Anthony Castro ("Mr. Castro" or "Plaintiff") the deference

afforded to him under a 12(b)(6) analysis, and even applying the most generous notice

pleading standard, the Complaint still fails to state a viable claim against the NV GOP.

MAC:14221-012 5329764_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Simply put, conclusory legal allegations cannot sustain a cause of action; factual allegations are needed as well, something the Complaint is devoid of with respect to the NV GOP.

As an additional, independent legal basis for dismissal, the NV GOP further seeks to move this Court for a limited joinder to President Trumps' Renewed Motion to Dismiss the First Amended Complaint (ECF Nos. 24 and 30). In particular, the NV GOP seeks a limited joinder with respect to the Motion's arguments about the futility and mootness of Plaintiff's action given President Trump's participation in the NV GOP-run caucus (and not the state-run primary).

## II.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. A complaint should be dismissed as a matter of law in the absence of a cognizable legal theory showing a basis for relief. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

## III.    RELEVANT BACKGROUND

Seeing that the NV GOP's involvement in this case is seemingly limited to (and a result of) its operation of the Nevada Republican Caucus (which is set to be held on February 8, 2024[1] and is completely distinct from the state-run primary to be held two days

---

[1] *See* Nevada Republican Party, *PRESS RELEASE: Nevada Republicans Will Conduct First in the West Caucus on February 8, 2024, With Voter ID, Paper Ballots, And Results Released the Same Night*, https://nevadagop.org/press-release-nevada-republicans-will-conduct-first-in-the-west-caucus-on-february-8-2024-with-voter-id-paper-ballots-and-results-released-the-same-night/ (last accessed October

MAC:14221-012 5329764_1

earlier on February 6, 2024[2]), the NV GOP wishes to provide the Court with certain relevant background about the caucus and its relation to the state-run primary (the latter of which is formally referred to as the "Presidential Preference Primary" or "PPP" Election).

NRS 298.600 *et seq.* sets forth assorted statutory provisions governing the administration of the PPP Election/state-run primary. *None* of these statutory provisions explicitly mandate in any way whatsoever any of the following:

(1) The PPP Election is binding on major political parties such as the NV GOP (it is in fact non-binding);

(2) Major political parties cannot choose to bind their delegates through alternative means such as a caucus (they can in fact choose to bind their delegates through such alternative means); and

(3) A major political party's candidate for the general election needs to have participated in the PPP Election to be eligible to appear on the general election ballot (a major political party's candidate can in fact appear on the general election ballot without having previously participated in the PPP Election).

As a result of the foregoing, the Nevada Attorney General's Office, representing the State of Nevada and the Nevada Secretary of State in separate litigation against the NV GOP regarding the PPP election, has taken the following positions in said case:

(1) "[T]he non-binding PPP election process does not in any way impact the NV GOP's ability to select its presidential nominees." *See* **Exhibit A** hereto, at pg. 2.

(2) "The results of any PPP election are not binding on a major political party." *See id.* at pg. 4.

---

1, 2023); *see O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.").

[2] *See 2024 Election Information*, NEVADA SECRETARY OF STATE, https://www.nvsos.gov/sos/elections/election-information/2024-election-information (last accessed Dec. 26, 2023).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14221-012 5329764_1

(3) "The major political party's state central and national committees are free to afford whatever weight they choose to the results of the PPP election. Throughout the entire PPP election process, no major political party is required to do anything or be bound by any results." *See id.*

As already noted above, and consistent with the foregoing, the NV GOP has made abundantly clear that it will be affording the PPP Election *zero* weight/relevance with respect to how the party binds its delegates to the national nominating convention. *See supra n. 1.* Instead, the NV GOP will using a caucus to bind its delegates. *See id.*

## IV.   **LEGAL ARGUMENT**

### A.   **THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED UNDER FRCP 12(B)(6)**

The Complaint references the NV GOP <u>a mere three times</u> in total:

(1)   Defendant Nevada Republican Party is a political party organized under the laws of the state of Nevada with a mailing address of 840 S. Rancho, Suite, 4-800, Las Vegas, NV 89106. *See* ECF No. 21 at pgs. 8-9, ¶ 5.

(2)   The Nevada Republican Party contractually committed to a state-run primary election. In a conspiratorial effort criminally punishable under 18 U.S.C. § 241, the Nevada Republican party scheduled an unlawful caucus to circumvent the will of Republican voters in the state of Nevada and depriving Plaintiff and his supporters of their constitutionally protected rights in violation of 42 U.S.C. § 1983. *See* ECF No. 21 at pg. 11, ¶ 16.

(3)   Plaintiff John Anthony Castro asks this Court to issue an injunction preventing the Nevada Republican Party from holdings its unlawful caucus that is specifically designed to undermine the will of the voters and to neutralize the Nevada Republican Presidential Primary. *See id* at ¶ 18.

These three paragraphs represent **the entirety** of the allegations – legal, factual or otherwise – directed to the NV GOP in the Complaint. There is not even any further mention whatsoever in the Complaint of the caucus that Plaintiff deems "unlawful" and subject to a purported conspiracy.

MAC:14221-012 5329764_1

This complete dearth of factual actual allegations means that, as applied to the NV GOP, the Complaint merely alleges the type of barebones "labels and conclusions" that the United States Supreme Court has routinely deemed insufficient to survive a FRCP 12(b)(6) motion. *See, e.g.*, *Twombly*, 550 U.S. at 555. Indeed, Plaintiff asks for an injunction against the NV GOP, seemingly on the basis that the caucus is unlawful under 18 U.S.C. § 241 and/or 42 U.S.C. § 1983, but fails to provide any factual allegations that would suggest the NV GOP has actually violated these aforementioned statutory provisions. In essence, Plaintiff is alleging that he entitled to an injunction against the NV GOP "simply because," while refusing to articulate the "how" or "why" with respect to this requested relief. Regarding 18 U.S.C. § 241, Plaintiff fails to even articulate *what* right or privilege under the Constitution is being abrogated, as well as *how* said right/privilege is purportedly being abrogated. And regarding 42 U.S.C. § 1983, Plaintiff fails to articular under the color of *which* "statute, ordinance, regulation, custom or usage" that the NV GOP is purportedly acting under – a glaring omission that is relevant since the caucus at issue is a private, party-run process and *not* the type of government-run process subject to a 1983 action.

Overall, Plaintiff has failed to sufficiently plead a cognizable legal cause of action against the NV GOP. As it is not this Court's job to "connect the dots" for Plaintiff and supply/infer what is simply not alleged in the Complaint, dismissal under FRCP 12(b)(6) is entirely appropriate.

**B.     THE NV GOP SEEKS A LIMITED JOINDER TO SECTION III(B)(4) OF PRESIDENT TRUMP'S RENEWED MOTION TO DISMISS**

Should this Court somehow overlook the glaring dearth of allegations against the NV GOP and not dismiss under FRCP 12(b)(6) (which it should not do), the NV GOP is further entitled to dismissal under the mootness doctrine – as President Trump and Mr. Castro are not even competing against each other in the state of Nevada (as the former is participating in the NV GOP-run caucus, and the latter is participating in the state-run primary), meaning the NV GOP has no reason to be a participant in this case at all given such mootness. With respect to this mootness argument, and as a matter of judicial economy, the NV GOP seeks a

MAC:14221-012 5329764_1

1   limited joinder to Section III(B)(4) of President Trump's renewed motion to dismiss (ECF

2   No. 24 at pgs. 14-15), which addresses this issue of mootness.

3   **V.**    **CONCLUSION**

4          For all of the reasons detailed herein, the NV GOP respectfully request that the

5   instant motion and limited joinder be granted in its entirety, and the NV GOP be dismissed

6   from this case.

7          Dated this 26th day of December, 2023.

8                                    MARQUIS AURBACH

9                              By /s/ Brian R. Hardy
10                                 Brian R. Hardy, Esq.
                                   Nevada Bar No. 10068
11                                 Harry L. Arnold, Esq.
                                   Nevada Bar No. 15866
12                                 10001 Park Run Drive Las Vegas,
                                   Nevada 89145,
13                                 Attorneys for Defendant Nevada
                                   Republican Party
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14221-012 5329764_1

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND FOR LIMITED JOINDER TO DEFENDANT DONALD JOHN TRUMP'S RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 26th day of December, 2023.

☒    I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

John Anthony Castro
12 Park Place
Mainsfield, TX 76063
j.castro@castroandco.com
*Pro Se Plaintiff*


Laena St-Jules, Esq.
Office of the Nevada Attorney General NV
2443 Sparstone Dr.
Reno, NV 89521
lstjules@ag.nv.gov
*Attorney(s) for Defendant*
*Secretary of State Francisco V. Aguilar*


*/s/ C. Hatfield*
an employee of Marquis Aurbach

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

MAC:14221-012 5329764_1