UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN ANTHONY CASTRO,  )
                                              )
                    Plaintiff,            )    Case No.: 2:23-cv-01387-GMN-BNW
        vs.                                )
                                              )    **ORDER DISMISSING CASE FOR LACK**
SECRETARY OF STATE FRANCISCO V. )    **OF STANDING**
AGUILAR, *et.al.*,                   )
                                              )
                    Defendants.        )
_____)

Plaintiff John Anthony Castro filed this lawsuit alongside several similar lawsuits in other courts. Castro's lawsuits ultimately ask, does Section 3 of the Fourteenth Amendment to the U.S. Constitution bar former President Donald J. Trump from holding office? (*See generally* First Am. Compl. ("FAC"), ECF No. 21). This is a politically charged question of significant interest to the American public. But because federal courts are courts of limited jurisdiction, this Court must first consider whether it can answer this question at all. *See Castro v. Scanlan*, 86 F.4th 947, 949 (1st Cir. 2023) (declining to address merits of Castro's nearly identical suit because he lacked standing). For the reasons discussed below, the Court finds that Castro lacks standing, and the Court therefore lacks jurisdiction to hear this case.

Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." U.S. Const., Art. III, § 2. From this constitutional limitation to its authority, the Supreme Court has developed the doctrine of standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To have standing to sue in federal court, a plaintiff must have suffered a concrete, particularized, and actual or imminent injury in fact that was caused by the defendant's challenged conduct and is redressable by a favorable decision. *Id.* at 560–61. "This limitation on the judicial power prevents a plaintiff from invoking the Article III jurisdiction of

a federal court by asserting what is merely a 'general interest common to all members of the public.'" *Scanlan*, 86 F.4th at 955 (quoting *Carney v. Adams*, 592 U.S. 53, 59 (2020)). "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted).

Here, Castro asserts that he has standing to pursue a claim as a political competitor because Castro has declared himself to be a candidate for President and his name will be appearing on the primary ballot. (FAC ¶¶ 21–24). He maintains that he has political competitor standing based on an injury of receiving fewer votes than he would if Trump was prohibited from appearing on the ballot. (*Id.*). Courts that have recognized political competitor standing require a plaintiff to "show that he personally competes in the same arena with the same party to whom the government has bestowed the assertedly illegal benefit." *Gottlieb v. Fed. Election Comm'n*, 143 F.3d 618, 621 (D.C. Cir. 1998) (quoting *In re U.S. Cath. Conf. (USCC)*, 885 F.2d 1020, 1029 (2d Cir. 1989)).

Multiple federal courts have already dismissed Castro's Fourteenth Amendment claim for lack of standing, without addressing the merits of whether Trump is eligible to run for office. At least five federal courts[1] have specifically rejected Castro's political competitor standing argument. *See, e.g.*, *Castro v. New Hampshire Sec'y of State*, No. 23-cv-416-JL, 2023 WL 7110390 (D.N.H. Oct. 27, 2023), *aff'd sub nom. Scanlan*, 86 F.4th 947; *Castro v. Sec'y of State Gregg Amore*, No. CV 23-405 JJM, 2023 WL 8191835 (D.R.I. Nov. 27, 2023); *Castro v. Trump*, No. 23-80015-CIV, 2023 WL 7093129 (S.D. Fla. June 26, 2023), *cert. denied before judgment*, 144 S. Ct. 265 (2023); *Castro v. Fed. Election Comm'n*, No. CV 22-2176 (RC), 2022 WL 17976630 (D.D.C. Dec. 6, 2022), *aff'd*, No. 22-5323, 2023 WL 2899541 (D.C. Cir. Apr.

---

[1] The District of New Hampshire, the District of Rhode Island, the Southern District of Florida, the District of Columbia, and the District of Arizona have all dismissed Castro's Fourteenth Amendment claim for lack of standing.

10, 2023); *Castro v. Fontes*, No. CV-23-01865-PHX-DLR, 2023 WL 8436435 (D. Ariz. Dec. 5, 2023).  In rejecting his political competitor standing argument, courts have found that Castro improperly manufactured his standing merely to file this lawsuit. *New Hampshire Sec'y of State*, 2023 WL 7110390, at *5 ("[T]he evidence indicates that Castro is creating his own injury in order to manufacture standing to challenge Trump's eligibility to run for president.  Indeed, by his own admission, Castro declared as a candidate and paid the filing fee to show the impermissibility of Trump's presidency."); *Fontes*, 2023 WL 8436435, at *4 ("Castro is attempting to manufacture a competitive injury solely for purposes of pursuing litigation.").

In an Associated Press article that Castro invited the courts to consider, Castro is quoted as stating, "I'm not going to lie and pretend my candidacy is anything more than trying to enforce the United States Constitution, and that's what I'm here to do[.]" *Fontes*, 2023 WL 8436435, at *4 (quoting Holly Ramer, *New Hampshire's presidential primary filing period opens with candidates critical of Biden and Trump*, THE ASSOCIATED PRESS (Oct. 11, 2023), https://apnews.com/article/new-hampshire-presidential-primary-2024-5bd66ceac3df40f3b0ec7676422f40bc, *archived at* https://perma.cc/GK47-64HM).  Castro invited this Court to consider the same Associated Press article when examining whether he has standing. (Aff. of Campaign Expenses and Media Coverage, Ex. 2 to Supplement, ECF No. 34-2).  Having reviewed Castro's filings, this Court agrees with the other courts that have already decided this issue and finds that Castro admits he "is creating his own injury in order to manufacture standing . . . ."[2] *See New Hampshire Sec'y of State*, 2023 WL 7110390, at *5.

///

---

[2] Castro's lack of Article III standing is even more apparent in this case because Trump and Castro are not even competing on the same ballot in Nevada.  As Castro indicates in his FAC, the Nevada Republican Party is holding a caucus separate from the state-run Presidential Preference Primary ("PPP"). (*See* FAC ¶ 16).  Castro intends on running in the Nevada Republican PPP. (*Id.* ¶ 21).  Trump is not participating in the PPP and is instead appearing on the caucus ballot. 2024 Presidential Caucus, NEVADA GOP, https://nevadagop.org/2024-presidential-caucus/, *archived at* https://perma.cc/3P87-FH7Q.

Because Castro does not have standing to challenge Trump's eligibility to run for president, the Court does not have jurisdiction to rule on the merits of this case. **IT IS THEREFORE ORDERED** that Plaintiff's First Amended Complaint is **DISMISSED**. **IT IS FURTHER ORDERED** that all pending Motions, (ECF Nos. 24, 40, 42, 49, 50, 52, 54), are **DENIED as moot**.

The Clerk of Court is kindly instructed to close the case.

**DATED** this __8__ day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT